**JIANG YU, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 05–73219.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 29, 2009.

Chung N. Phang, Oakland, CA, for Petitioner.

James Eugene Grimes, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Of-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

fice of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Jiang Yu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based on Yu's admitted post-entry immigration fraud. *See Sarvia–Quintanilla v. INS,* 767 F.2d 1387, 1393 (9th Cir.1985) (holding that history of dishonesty can support an adverse credibility finding). Further, because the IJ had reason to question Yu's credibility, she could require corroborating evidence, and Yu has not shown that the evidence he presented compelled a contrary conclusion. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003) ("Where the [IJ] provides a specific, cogent reason for questioning a petitioner's credibility, the petitioner must show that the evidence compelled a contrary conclusion in order to overcome the special deference accorded to the [IJ]'s credibility determinations.") (alterations added). In the absence of credible testimony, Yu failed to establish

eligibility for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Yu's CAT claim is based on the same testimony the IJ found not credible, and Yu does not point to any other evidence that shows it is more likely than not he would be tortured if returned to China, his CAT claim fails. *See id.* at 1156–57.

Because Yu has not established statutory eligibility for asylum, we do not reach the IJ's discretionary denial of asylum.

We lack jurisdiction to consider Yu's claim that the IJ violated his due process rights by relying on untranslated portions of the dossier Yu submitted in order to discredit that document, because this claim was not exhausted before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.